## LOVE vs. LAMAR, RANKIN & LAMAR.

Where a suit against a married woman, based on a promissory note, was defended by her on the ground that she signed the note as security for her husband and gave a mortgage as additional security for the husband's debt; that the husband was not her agent in the purchase of the goods for which the note was given; that the plaintiffs never sold the goods to her or to her husband as her agent; and that he did not conduct the business in which the goods were employed for her benefit or on her account; it was incumbent on her to establish her defence. The facts in this case sustained the defence, and did not warrant a verdict against the wife.

(a) Where the note sued on was signed by both the husband and wife, and the word "security" appeared after her signature and before his, this was a circumstance, with the other facts in the case, sufficient to put the plaintiffs upon inquiry, which might have led to a knowledge of the truth of the transaction, and might have disclosed the relation in which she stood to the paper.

February 8, 1887.

Husband and Wife. Principal and Surety. Verdict. Notice. Before Judge FORT. Lee Superior Court. March Term, 1886.

Reported in the decision

W. H. KIMBROUGH; E. G. SIMMONS; D. H. POPE, for plaintiff in error.

J. W. WALTERS; WRIGHT & ARNHEIM, for defendants.

HALL, Justice.

Lamar, Rankin & Lamar ₋rought suit against Mrs. Mattie E. Love, the wife of J. T. Love, upon a promissory note, dated 30th October, 1882, of which the following is a copy :

"$800.00.                    LEESBURG, GA.,             1882.
"Twelve months after date, I promise to pay to Lamar, Rankin & Lamar, or bearer, the sum of eight hundred dollars, with interest at the rate of seven per cent. per annum from date, for drugs.
" Oct. 30, 1882.        (Signed)          MATTIE E. LOVE,
                                    Security, J. T. LOVE;"

and at the same time proceeded to foreclose a mortgage given by Mattie E. Love to them to secure the payment of said note. The defence set up was, that Mrs. Love signed the note as security for her husband, and gave a mortgage on her separate property as additional security for the payment of his debt. She denied that her husband was her agent in the purchase of the goods for which the note was given, or that the plaintiffs, through their agent, William Gilbert, ever sold the goods to her, or to her hus-

band as her agent, or that he conducted the business in which the goods were employed for her benefit, or on her account. Under the evidence and charge of the court, a verdict was returned in favor of the plaintiffs, and a new trial was moved for on the ground that the verdict was contrary to and without evidence to sustain it, and that it was contrary to and without law to support it. This motion was overruled, and hence this writ of error.

To sustain these defences, it was incumbent upon the defendant to show that her undertaking was that of surety for her husband; that the debt was his and not hers; that the credit was extended to him and not to her; and that he did not contract the account as her agent. This record discloses no evidence that she ever recognized him as her agent, except the representations made by him upon this point to the agent of the plaintiffs. The note itself was signed by her with the word "security" after her name and before that of her husband signed thereto, and went immediately in the hands of plaintiff's agent where it has since been; at least, we are authorized to infer this fact from the circumstances attending the case, especially as there was no denial of them and no satisfactory explanation. They conducted their dealings throughout the transaction with the husband, and this word "security" thus appearing, was sufficient to put them upon inquiry, which, if it had been pursued, would doubtless have led to a knowledge of the real truth of the transaction, and would have disclosed the relation in which she 'stood to the paper. Though the plaintiff's agent had an opportunity to confer with her before the execution of these papers, it does not seem that he did so, but was content with the representations made by the husband. After the death of her husband, she had various conversations with persons introduced as witnesses by the plaintiffs, in which she expressed a willingness to pay $500 of this indebtedness, for which she invariably declared that she had agreed to become her husband's security. It does not

appear that she signed any other contract or made any other agreement than that manifested by the note and mortgage, both of which she swore on the trial were given to secure the payment of her husband's debt.   There is no direct denial of this fact to be found anywhere in the evidence adduced on the trial.   Various attempts were made to show, from circumstances inconclusive in their nature and not necessarily contradictory of the account she gave, that the debt was hers and not her husband's.   It is a circumstance not without significance, that these negotiations were commenced and carried on by her husband and the plaintiffs' agent in her absence ; that the goods were sold and forwarded before the execution of the note and mortgage, and upon the husband's promise alone to secure her signature to these papers ; and that all the bills for goods, with one exception, were made out and charged directly to the husband.   One of these bills was made to "Dr. J. T. Love, agent."   The others omitted the word "agent." That made to him as agent was sworn to have been made out by Gilbert, the plaintiffs' agent; the others by clerks in the plaintiffs' store at Albany.   The bill made out by the plaintiffs' agent  bore date 24th October, 1882.   It amounts to $706.72.   The last item on it is for "amount of old account, $92.65."   The transaction out of which this bill grew was the first that defendant, through her alleged agent or any one else, had ever had with  plaintiffs. The other bills rendered bore date respectively  28th October, 1882, 20th March, 1883, and 11th  June, 1883.

Presuming, as we should do, that the court charged the law correctly, in the absence of exceptions to his charge, we are satisfied that this verdict is without evidence, and is contrary to the law which should govern the transaction. In *Klink vs. Boland*, 72 *Ga.* 485, a case closely resembling this in its leading facts, we held that, "where one sought to sell property to a husband and take property belonging to the wife as security for the debt, but finding that this could not be done so as to bind her, a bill of sale to

the property was made directly to her, and a conveyance with bond to reconvey was given by her to him to secure the debt; if the husband concealed from his wife the true nature of the transaction, and caused her to believe that he was the purchaser and she only security, a mere want of knowledge on the part of the vendor that there had been such a concealment, would not be sufficient to relieve him, but there must also be an absence of reasonable grounds of suspicion. The charge of the court to the effect that if the wife signed the deed, believing that she was doing so only as security, and if she had been so informed and the bill of sale concealed from her, then she was not bound, must reasonably and fairly have been taken by the jury to mean that if the concealment and information had been by the husband and creditor together, or by the husband and known to the creditor, then she would not be bound." This is a much stronger case than that; for there the bill of sale to the property for which the husband bargained was made directly to her; but here it does not appear that the sale of the goods was communicated to her, or that any evidence to that effect came to her knowledge; and the word "security" appearing after her signature to the note and before her husband's, is a circumstance, in connection with other facts of the case, pregnant with suspicion that she was misled as to the nature of the transaction, as contended for by the plaintiff, and that it was concealed from her; that she was cognizant of what passed between her husband and the plaintiffs' agent is nowhere shown in this record. There is nothing in the case of *Hull vs. Sullivan*, 63 *Ga.* 126, or *Boland vs. Klink, Id.* 447, that conflicts with the view here taken. While, on the one hand we would not encourage a collusion between husband and wife to defraud parties who dealt openly with them upon the faith of her separate property, yet, on the other, we are not to disregard the safeguards which the law has provided for her protection and the security of her separate property by disabling her from appropriating it to

the payment of her husband's debts, or to pledge it as security for the debt of any person whatsoever. Thus impressed, we conclude that this verdict should have been set aside upon the grounds taken in the motion. There may perhaps be a different case made on another trial going to fix liability upon her. We cannot anticipate, however, that this will be done. All we decide is, that the evidence on this hearing fell short of that mark.

Judgment reversed.