### KELLY *v.* KEESE, for use, etc.

1. The testimony of the subscribing witnesses was sufficient to admit the note in evidence over the plea of non est factum.
2. Writings other than the paper sued on, proved or acknowledged to be genuine, are admissible in evidence, when the plea of non est factum is filed, for the purpose of comparison of handwriting by the jury, when such other writings are submitted to the opposite party before he announces ready for trial.
3. The evidence, though conflicting, was sufficient to support the verdict, and the court did not err in refusing to grant a new trial.

Argued October 20, — Decided November 27, 1897.

Complaint on note. Before Judge Littlejohn. Stewart superior court. April term, 1897.

*G. Y., B. F.* and *J. Harrell*, for plaintiff in error.

ATKINSON, J. Keese sued Kelly upon a promissory note, to which suit the latter filed a plea of non est factum. Upon the trial the plaintiff offered the note in evidence without proving its execution. Upon objection that it was not admissible over a plea of non est factum, without proof of its execution, it was rejected by the court. It appears that there were two sub-

scribing witnesses to the note sued upon. These witnesses were examined by written interrogatories; and while they swear that they did not know Octavius Kelly personally, they likewise swear that the man sued signed the note sued upon in their presence. In addition to this testimony, another note which was admitted by the defendant to have been signed by him was introduced for the purpose of comparing the signature to that note with the signature to the note sued upon. With this testimony in, the court admitted in evidence the note sued upon. Error is assigned upon this ruling.

We think a statement of the facts argues the correctness of the ruling of the trial judge. It is true that when a plea of non est factum is filed to a suit upon a promissory note or other instrument of like kind, the plaintiff holds the burden of showing the execution of the paper. In the absence of such a plea, it will be admitted without proof of execution. This is well-settled law in this State. The subscribing witnesses to this note testified to the execution of the paper by the person whose name was signed thereto, though they admitted at the same time that they had no personal acquaintance with that person. Their want of familiarity with the person who signed the paper was a fact that went to their credit with the jury; but when this testimony was supplemented by an inspection of the note admitted in evidence for the purpose of comparison, it was sufficient prima facie to establish the execution of the note, and to authorize its reception in evidence by the court. Upon the general features of the case there was a conflict of testimony. The defendant denied that he executed the note, and undertook to avoid the force of the evidence offered against him by proof of the fact that there was another Kelly bearing the same name residing in another county. This fact likewise went to his credit. After the plaintiff had made out a prima facie case showing the execution of the note by him, the burden was upon the defendant to disprove that case; and his non-production of the absent Kelly might of itself have authorized the jury to infer, in the light of the other facts in the case, that the Kelly sued was the man who signed the note. At all events, upon the issues of fact involved in the case the trial judge was satisfied with the

verdict; and there being evidence sufficient to support it, this court will not control his discretion in refusing to grant a new trial.        *Judgment affirmed.    All the Justices concurring.*