## NELMS v. KELLER.

A sale by a married woman of property belonging to her separate estate, though made for the sole purpose of raising money with which to pay a debt or liability of her husband, is nevertheless valid and binding upon her, even if the purchaser, he not being a creditor of the husband and having nothing to do with any arrangement or transaction between the husband and wife looking to the making of such sale, knew that the proceeds thereof were to be applied for the purpose stated.

Submitted February 11, — Decided March 24, 1898.

Complaint for land. Before Judge Kimsey. Habersham superior court. January 26, 1897.

Mrs. Keller made a deed to Edwards, dated April 25, 1894, conveying a house and lot in Toccoa, and remained in possession thereof. On August 25, 1895, Edwards made a deed to Nelms, conveying the same property. On February 11, 1896, Nelms sued Mrs. Keller to recover possession. The defense was, that defendant was forced by importunities and threats of her husband to make the conveyance to Edwards for the purpose of obtaining money which was to be and was actually used to pay a debt of her husband, for which she was in no way liable; and that Nelms was not an innocent purchaser in good faith, but bought with notice of defendant's claim. The testimony was conflicting. The jury found for the defendant. Plaintiff moved on the general grounds for a new trial, which was denied, and he excepted.

*Jones & Bowden*, for plaintiff.
*George P. Erwin*, for defendant.

LUMPKIN, P. J. This case turns upon the law announced in the headnote, which is now well settled in Georgia. In *White* v. *Stocker*, 85 *Ga.* 200, this court held that a married woman was liable for money borrowed and given to her husband, although the lender, he being no party to any arrangement between the husband and wife for procuring the money, knew that the former was to have the use of the same. While the wife can not, directly or indirectly, assume a debt of her husband, nor sell property belonging to her separate estate to his

creditor in extinguishment of such debt, she may nevertheless, except as forbidden by statute, in her own name and right, contract independently and as she pleases, and, in so doing, borrow, or otherwise obtain, money for any desired purpose. The law, of course, will not tolerate or enforce against the wife a mere colorable transaction, the purpose of which is to make her the husband's surety or deprive her of her property in settlement of his indebtedness. *Freeman* v. *Mutual Association,* 90 *Ga.* 190; *Temples* v. *Equitable Mortgage Co.,* 100 *Ga.* 503. But when, upon her own responsibility, she voluntarily enters into a contract to obtain money, either by borrowing, or by selling property, it makes not a particle of difference that the party with whom she contracts may know she intends to use the money she receives for her husband's benefit. In *National Bank of Athens* v. *Carlton,* 96 *Ga.* 469, it was held that a married woman was bound by her deed, if she voluntarily and deliberately conveyed land to her son for the purpose of enabling him, by a conveyance thereof, to secure the payment of his debts; and that she was likewise bound if she voluntarily borrowed money on her own credit, and on the faith of her own property, the son not being liable for the repayment of the same, even though a portion or the whole of the money so borrowed was paid upon a pre-existing debt of the son. In that case it was said (p. 472): "She had a perfect right, and it was undoubtedly legal for her, to borrow money for the purpose of paying any debt due by her son, and to use the money for this purpose, if she saw proper." See also, in this connection, *Villa Rica Lumber Co.* v. *Paratain,* 92 *Ga.* 370, and cases cited in first headnote.

The whole law of this question is comprised in the following language used by the present Chief Justice in *McCrory* v. *Grandy,* 92 *Ga.* 327: "Under our code, section [2488], there are three things which a married woman having a separate estate can not lawfully do. She can not bind her separate estate by any contract of suretyship, nor can she assume the debts of her husband, nor sell her separate estate to a creditor to extinguish his debts. If she should do any of these things, the transaction would be absolutely void. These are the only

restrictions put upon her in dealing with her separate estate, and outside of them, she stands upon the same footing as a man or a feme sole."

*Judgment reversed.    All concurring, except Cobb, J., absent.*