### JONES *v.* WEICHSELBAUM.

The evidence of an unimpeached witness clearly showed that the wife was a mere surety for her husband on the note which the mortgage was given to secure, and that this was known at the time by the mortgagee; and there being nothing in the record to rebut, impeach, or modify this evidence, a verdict finding against the wife was contrary to law.

Submitted March 1,—Decided April 28, 1902.

Foreclosure of mortgage. Before Judge Felton. Bibb superior court. December 27, 1900.

*Steed & Ryals*, for plaintiff in error.
*Anderson & Grace* and *R. L. Anderson*, contra.

SIMMONS, C. J. It appears that Jones applied to Hudgins for a loan of $100, stating that he desired it to pay a debt owed to

another. Hudgins suggested that he might wish to negotiate the note before he could collect certain insurance in his hands belonging to Jones, and that Jones should get his wife to secure the note. Thereupon Jones and his wife signed the note, the wife signing first. She also executed a mortgage to secure the note. Hudgins died, and his administrator, long after the maturity of the note, sold the note and mortgage, at public sale, to Weichselbaum. The latter brought an action to foreclose the mortgage, and Mrs. Jones filed an answer in which she set up that she was a married woman at the time the note and mortgage were executed, and that they were given to secure a debt of her husband. On the trial of the case the plaintiff introduced in evidence the note and mortgage. The defendant introduced her husband, who testified, in substance, that he had borrowed the money from Hudgins for the purpose of paying a debt he owed Whittle; that Hudgins knew the money was borrowed for this purpose and that Mrs. Jones was only surety. There was no other evidence. The jury returned a verdict against the defendant. She moved for a new trial. The motion was overruled, and she excepted.

On this state of facts we think the court erred in refusing to set the verdict aside as contrary to the evidence. As far as appears from the record, the husband's testimony was not contradicted, impeached, or in any way disputed. He was an unimpeached witness, and the jury erred in finding against his testimony. The fact that the wife signed the note first and without indicating that she was surety raised a presumption that she was principal, but this was fully rebutted by the evidence of the husband. Counsel for the defendant in error argues that the jury could disbelieve Jones, because, under cross-examination, he became much confused and could not explain why his wife signed her name first. In reply to this contention it is sufficient to say that the record does not give any intimation that this witness became confused under cross-examination. We think, therefore, that the verdict was without evidence to support it, and solely upon this ground we reverse the judgment refusing a new trial. The other grounds of the motion for new trial are such that, in view of the above ruling, it is unnecessary to discuss them.

*Judgment reversed. All concurring, except Lewis, J., absent.*