## McDONALD v. BLUTHENTHAL & BICKART.

The fact that the owner refuses to sell to the husband because of his inability to give security does not prevent an immediate sale of the same property to the wife ; and if title to the property is, with her knowledge, conveyed to her and she executes a mortgage thereon and on other property belonging to her, to secure the purchase-money notes, she does not assume the debt of her husband, nor is she surety for him, but is liable as principal and purchaser.

Argued January 14, — Decided February 9, 1903

Foreclosure of mortgage. Before Judge Lumpkin. Fulton superior court. January 9, 1902.

Bluthenthal & Bickart instituted proceedings to foreclose a mortgage given to them by Mrs. McDonald. In her plea she alleged, that her husband had been in negotiation for the purchase of a barroom and fixtures from the plaintiffs ; that, being unable to give the required security, he repeatedly entreated her to furnish the security, she all the while protesting that she did not want to go on the notes as security, or have anything to do with the transaction ; that she had little time to give thought to the matter, and her husband induced her to go, without delay, to the office where the papers were executed ; that after her arrival there, time was not given her

to read the papers after they were handed to her, but she was told by one of the plaintiffs' agents to "hurry up and sign the papers," that her husband had read them; whereupon her husband told her he was buying the property, that she was only signing as his security, and that it would be all right; and, acting on these inducements and instructions of the agent representing the plaintiffs, she signed the papers as quickly as possible (the mortgage sought to be foreclosed and the notes to secure which it was given), believing that the debt was her husband's and not hers; that she acted in this hasty manner by reason of her husband's undue influence and the representations there made, and for that reason she charges duress and fraud in the procurement of the mortgage, and that the plaintiffs had notice of the same; that the bar fixtures were solely for the use of her husband, and that she has never derived any benefit or profit from the business, and has never claimed or demanded any. The plea was demurred to as not sufficiently setting up fraud, duress, and undue influence. The judgment of the court recites, that, on the hearing of the special demurrers to the defendant's plea, it appeared that she, being ill, was unable to make an affidavit to an amendment to meet the special demurrer, and it was thereupon agreed in open court, in order that the legal questions might be fully passed upon, that the plaintiffs had conveyed by bill of sale to the defendant the stock of goods to secure which the notes and mortgage were made; that the purchase-price was also secured by the defendant's executing a mortgage on the stock so purchased by her; and that she never returned said stock or any part thereof to the plaintiffs; that the transaction of giving the mortgage and notes was contemporaneous, "although the defendant contends she never received the bill of sale, but it was in the possession of her husband, and she had never been in possession of the stock." The court struck the plea and entered a decree of foreclosure, and the defendant excepted.

*Charles W. Smith* and *Arminius Wright*, for plaintiff in error. *Slaton & Phillips*, contra.

LAMAR, J. Where those who can read won't read, and sign to their hurt, the fault is their own, and the courts must leave them to bear the consequences of their negligence. To this necessary rule an exception is made, where the failure to read is the result of

any misrepresentation or device normally calculated to influence a prudent person.    The allegations in the plea, as to the action by the husband, may have been sufficient to require the submission of the issue to the jury.   *Walton Co.* v. *Copelan,* 112 *Ga.* 321.   But the decision of the trial judge, in sustaining the demurrers, was not predicated solely upon the formal plea, but partly upon statements made in open court, and treated as amendments.    From these it appears that the bill of sale to the bar fixtures was executed at the time the notes and mortgage were executed, and that the wife dealt with the fixtures as her own by giving a mortgage thereon.   The original plea was silent as to the bill of sale and the mortgage on the fixtures, and in the supplemental statement it is not set out whether she knew of their contents or not.    Dealing with the property as her own and executing a mortgage thereon would estop the wife from denying title thereto; and since nothing appears as to any fraudulent concealment of the contents of the bill of sale, or of her mortgage on the fixtures, it must be inferred that she had knowledge of the contents of these two papers.    At any rate, where a married woman or any one else appeals to the court for protection against her own solemn act and deed, it ought not to be left to conjecture or construction, but facts nullifying such instrument should be specifically alleged.

The defendant, however, insists that all the circumstances show that the debt was her husband's, and that the bill of sale was only colorable and given as apparent support to the mortgage on her real estate.    We have found in our reports three cases dealing with a somewhat similar state of facts.    In *Klink* v. *Boland,* 72 *Ga.* 485, it was alleged that the husband had purchased a barroom from Klink, and, he demanding security, the husband induced his wife to convey her land for that purpose.    It appeared that the negotiations for the sale of the bar to the husband had fallen through, and the owner proposed to sell to the wife ; she being sick, the seller and the husband repaired to her room, where a security deed was read to her; she signed it, and the bond to reconvey was delivered to her by Klink.    He testified that the bill of sale to the bar was handed to her at the same time.    She and her husband both denied this.    It was held that if Mrs. Boland signed the deed believing that she was doing so only as security, and if she had been so notified, and the existence of the bill of sale was concealed from

her, then she was not bound.   In *Hull* v. *Sullivan*, 63 *Ga.* 126, the facts were similar to those in the case at bar, but the wife alleged that she did not know of the conveyence to her, and in her bill tendered the property back to the defendant, which he refused to accept.   In *Boland* v. *Klink*, 63 *Ga.* 447, the wife filed a bill to recover land that had been conveyed as security for her husband's debt.   The fact that the property had been conveyed to her directly, as in the case here, and that the deed was given as security for its purchase-money, was made to appear by the defendant; and it was held that "when the transaction creates a debt for property which is transferred or conveyed to .. [the wife] by the creditor, and she gives the required security in person, the debt is hers, not her husband's, and the act of giving security binds her."   It will be seen from the cases cited, that, according to the allegations either in the pleadings or in the evidence before the jury, the wife did not know that other property was conveyed to her, nor that she was in fact purchaser, instead of being only surety for her husband.   Here the admissions in open court not only show the execution of the bill of sale, but distinctly fail to charge that the wife was ignorant of its contents.   She only "contends that she never received the bill of sale."   Pleadings being construed most strongly against the pleader, the court was justified in holding that the wife knew that the bill of sale had been made directly to her.   She could read, and when she signed the thirty notes as maker, and not as indorser, and thereupon secured them by a mortgage on the bar fixtures, the patent fact negatives the allegation in the plea.   The transaction on its face was a sale to her.   She was principal, and not security.   If, as admitted, she failed to return the property to plaintiffs, but allowed the title to remain in her, she was bound in law to pay the purchase-money.   And being thus liable, not only the bar fixtures, but any other property owned by her, and especially that mortgaged to secure the debt, was liable for its payment.   The court properly struck the plea and entered a decree of foreclosure.

*Judgment affirmed.   By five Justices.*