## GROSS *v.* WHITELY.

1. Though a wife may contract as a feme sole, she can not bind her separate estate by any contract of suretyship, nor by any assumption of the debts of her husband, nor sell her property in extinguishment of his indebtedness. Her inability to bind her separate estate by a contract of suretyship precludes her from delivering her property in pledge for her husband's debt. A deed executed by a married woman to a third person to secure a loan contemporaneously made to the husband is void, although the wife did not bind herself as surety to pay the husband's debt which the deed was given to secure.

2. An amendment to a plea, which is not purely precatory in character, but avers new matter of defense, notice of which was not given in the original answer, is properly disallowed, when the defendant fails to swear, in the affidavit attached to the proffered amendment, that such new matter was not omitted for the purpose of delay.

Argued March 12,—Decided April 11, 1907.

Complaint for land. Before Judge Hammond. McDuffie superior court. March 7, 1906.

J. W. Whitely brought complaint for land against Macy P. Gross. The abstract of title attached to his petition contained two items: (1) a deed from the defendant to J. S. Reynolds, consideration $2,000; and (2) a deed from J. S. Reynolds to the plaintiff. The defendant filed a plea admitting her possession of the land and denying the right of the plaintiff to recover. By way of special plea she alleged, that the deeds named in the plaintiff's abstract of title were void, for "that your defendant is the wife of M. W. Gross, and that on or about the 15th day of September, 1904, the said M.

W. Gross represented to her that he was hard pressed for money, and in order to help him she consented to deed the tract of land described in plaintiff's petition, to J. S. Reynolds, to secure the payment of a loan of one thousand dollars, to be made by the said J. S. Reynolds to the said M. W. Gross; and did in fact execute the said deed for the purpose named, to wit, to secure a loan of one thousand dollars from the said J. S. Reynolds to the said M. W. Gross. Defendant did not read the deed and did not know that the consideration named therein was the sum of two thousand dollars, until said deed was recorded in the office of the clerk of the superior court of McDuffie county; that in consideration of the execution and delivery of said deed to the said J. S. Reynolds, he, the said Reynolds, did in fact lend to the said M. W. Gross the sum of one thousand dollars; that previous to that time the said M. W. Gross had borrowed from one of the banks in the city of Augusta, Georgia (the name of said bank being unknown to defendant), the sum of one thousand dollars upon a certain promissory note, signed by the said M. W. Gross and indorsed by the said J. S. Reynolds; that when said note fell due the said M. W. Gross was unable to meet same, and the said bank from which the money was borrowed was pressing the said M. W. Gross and his indorser, J. S. Reynolds, for a settlement of same, and the said J. S. Reynolds did in fact settle said note. Petitioner further shows that the said J. S. Reynolds, having the deed to her property, executed for the purpose before stated, deeded same to the plaintiff J. W. Whitely on or about the 30th day of September, for a consideration named as twenty-one hundred dollars. Defendant further shows, that neither in the loan of one thousand dollars made by the said J. S. Reynolds to the said M. W. Gross on the 15th day of September, 1904, nor in the note for the sum of one thousand dollars made to the bank in Augusta, Georgia, by the said M. W. Gross and indorsed by the said J. S. Reynolds, did she have any interest, nor did she receive any of the money, nor was the said M. W. Gross in any manner acting as her agent; that said loans were procured by the said M. W. Gross upon his own responsibility, for his own use, and that the money borrowed was in fact used by the said M. W. Gross in settlement of his own debts, and no part of the same was ever received by defendant.

"Defendant alleges that all of these facts were well known to

the said J. S. Reynolds, and that he obtained no title to defendant's land described in plaintiff's petition, and that the deed executed to him was absolutely void. Defendant further alleges, that all of these facts were well known to the said J. W. Whitely at the time the deed from J. S. Reynolds was made to him, and that he, the said J. W. Whitely, had actual notice that the land purporting to be conveyed to him by deed from J. S. Reynolds, dated the 30th day of September, 1904, was in fact the land of defendant; that the said J. W. Whitely knew that said land had been deeded to the said J. S. Reynolds either in settlement of the debts of her husband, M. W. Gross, or to secure the payment of the debts of her said husband; that the said J. W. Whitely knew that defendant remained in possession of said land and was claiming title to same after the delivery of the deed to J. S. Reynolds, dated the 15th of September, 1904, and had both actual and constructive notice sufficient to put a reasonable man on notice that the title of said land described ·in the petition of plaintiff was claimed by defendant and was in fact in defendant. Defendant shows that for the reasons above set forth both of the deeds described in the abstract of title attached to plaintiff's petition are absolutely void as title, and that the title of the land described in plaintiff's petition is perfect in defendant."

The court struck this plea on demurrer, and refused to allow an amendment thereto. The case proceeded to trial, and resulted in a verdict for the plaintiff. The defendant's bill of exceptions assigns error in striking the original plea and in refusing to allow the amendment to the plea.

S. H. Sibley, for plaintiff in error. W. H. Barrett, contra.

Evans, J. (After stating the foregoing facts.)

1. In the woman's emancipation act of 1866 there appears a recognition of the husband's influence over the wife, and the necessity of protecting the wife's right to contract and to own property, against his persuasion or the natural tendency of a wife to sacrifice her separate estate to save her husband from financial disaster. While the wife is given the right to contract as a feme sole, and to own property, yet she can not bind her separate estate by any contract of suretyship, nor by any assumption of the debts of her husband; and any sale of her separate estate made to a creditor of her husband in extinguishment of his debts shall be absolutely void. Civil Code, §2488. It is also declared by statute that the prop-

6

crty of the wife shall not be liable for the payment of any debt, default or contract of the husband. Civil Code, §2474. It is not open to dispute that these code sections absolutely deny the liability of the wife on a note executed by her as surety for a principal who also signs the note. In this kind of a transaction, the wife attempts to bind her separate estate by indirection. By signing the note as surety she assumes a liability which, but for the statute, could be reduced to judgment, and its payment enforced against her separate estate by execution. If the wife can not bind her separate estate generally by entering into a contract of suretyship, surely she can not bind a specific portion of her separate property by hypothecating it to pay another's debt. The case of *Klink* v. *Boland,* 72 *Ga.* 485, holds, that one can not take property belonging to the wife as security for a credit sale made to the husband. If the debt is the husband's the wife can not assume its payment, either by promising to pay the debt as a surety, or by pledging her property to pay it. It is not the form of suretyship, nor whether the liability as surety is general, or only limited to the value of the pledged separate estate, which the law condemns. The spirit and purpose of the statute is to prevent the appropriation of the wife's property to the payment of a secondary or collateral liability.

The wife may borrow money and give it to her husband, although the lender (he being no party to any arrangement between the husband and wife for procuring the money) knows that the husband is to have the use of the same. *White* v. *Stocker,* 85 *Ga.* 200; *McCrory* v. *Grandy,* 92 *Ga.* 319; *Chastain* v. *Peak,* 111 *Ga.* 889; *Johnson* v. *Leffler Co.,* 122 *Ga.* 670. Or she *may* sell her property for the sole purpose of raising money with which to pay her husband's debt, the purchaser not being a creditor of the husband, and having nothing to do with any arrangement between the husband and wife looking to the making of such sale. *Nelms* v. *Keller,* 103 *Ga.* 745; *National Bank* v. *Carlton,* 96 *Ga.* 469. The reasoning on which these cases rest is that a married woman may sell or pledge her property so long as the transaction is not part of a scheme, participated in by the other party, the intent of which is to apply the wife's money to the discharge of the husband's debt. If she borrows the money on her own responsibility and for herself, the law permits her to give it to the husband. *Cain* v. *Ligon,* 71 *Ga.* 692. In all the cases where the wife has been held liable on her contract,

her liability was primary, and not secondary. Let us look to the original plea and apply this rule of a married woman's liability to the facts there pleaded. The allegation that the defendant signed the deed without reading it, and believing the consideration to be one thousand dollars instead of two thousand dollars, as expressed in the deed, does not aid the defense, because she does not aver that the grantee practiced any fraud or imposition to prevent her from reading the deed. The plea avers that the defendant is a married woman, and that her husband applied to Reynolds for a loan of one thousand dollars, and Reynolds consented to make the loan to her husband if she would secure the loan by a deed to her land. She consented to this arrangement, Reynolds lending her husband one thousand dollars upon the faith of her deed to him, to secure the debt. The loan was not made to the wife, but to the husband. Her part in the transaction was to secure the loan about to be made, not to her, but to her husband, by hypothecating her land. She was to receive no personal benefit from the loan, but her property was to become liable to pay it in the event of her husband's default. We think the deed, under these circumstances, is void. The plaintiff claims under Reynolds, and as the plea alleges, he took with notice of the invalidity of Reynold's title, his title is no better than the title of Reynolds. We think the court erred in striking the plea.

2. The amendment offered and rejected was not purely precatory in character, but set up new matter of defense, notice of which was not given in the original answer; and as the defendant failed to swear, in the affidavit attached thereto, that such new matter was not omitted from the original answer for the purpose of delay, the court did not err in refusing to allow the amendment. *Beacham* v. *Wrightsville & Tennille R. Co.*, 125 *Ga.* 362.

*Judgment reversed. Fish, C. J., absent. The other Justices concur.*