### 7835.   LONGLEY *v.* BANK OF PARROTT.

JENKINS, J.   1.   (*a*)   Where a note is signed by a wife as principal and
by the husband as surety, the presumption of law is that she gives it
on her own contract and for value, to charge her separate property.
*Perkins* v. *Rowland,* 69 *Ga.* 661; *Love* v. *Lamar,* 78 *Ga.* 323 (3 S. E.
90); *Temples* v. *Equitable Mortgage Co.,* 100 *Ga.* 503 (28 S. E. 232, 62
Am. St. R. 326); *Jones* v. *Weichselbaum,* 115 *Ga.* 369 (41 S. E. 615).

(*b*)   Where the creditor, at the time a debt is created, really intends in
good faith to extend the credit to the wife, and not to the husband, and

the consideration of the loan passes legally and morally from the creditor to the wife, and where the writings then executed are such as purport to bind her for the debt as her own, then, whatever may be the private understanding between the wife and the husband, in which the creditor is not concerned and in which he has no interest, as to the disposition by the wife of the proceeds of the loan so received by her, the writings are to be treated as embracing the true substance of the contract. Nor does it matter in such case that the negotiations relating to the loan are in fact all had through the husband, where the transaction otherwise appears to be the bona fide and voluntary contract of the wife. *Schofield* v. *Jones*, 85 *Ga.* 816, 819 (11 S. E. 1032); *Nelms* v. *Keller*, 103 *Ga.* 745 (30 S. E. 572); *Johnson* v. *Leffler Co.*, 112 *Ga.* 670 (50 S. E. 488); *Gross* v. *Whitely*, 128 *Ga.* 79, 82 (57 S. E. 94); *Third National Bank of Columbus* v. *Poe*, 5 *Ga. App.* 113 (62 S. E. 826).

2. Where, in a suit on a note signed by the wife as principal and by the husband as surety, it appeared that the proceeds of the loan were used in carrying on a farm owned by the wife, and she contended that her true relation to the contract was one of suretyship only, and that she received no benefit from the loan, and where it appeared from the evidence that the wife's account to which the loan was credited by the lending bank was carried upon its books under the name of "Mr. and Mrs. Fred Longley," by virtue of the following written order to it, signed by the wife, to wit: "Mr. Carter: Please change my account, Mr. & Mrs. Fred Longley, and honor checks drawn by either of us, and oblige, Mrs. Fred Longley. October 8th, 1910;" and where it also appeared that checks drawn on such account by both the husband and the wife were recognized and paid by the bank, it was proper and relevant to admit in evidence the bank's books of account, for the purpose of throwing light upon the question as to whom the consideration of the loan actually passed from the bank. *Maynard* v. *Maynard*, 12 *Ga. App.* 279, 283 (77 S. E. 109).

3. The evidence was such as might warrant the verdict rendered, and the court did not err in refusing the grant of a new trial.

        *Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*

        DECIDED APRIL 5, 1917. REHEARING DENIED APRIL 24, 1917.

Complaint; from city court of Dawson—Judge Edwards. August 26, 1916.

*W. H. Gurr, R. R. Jones*, for plaintiff in error.

*Yeomans & Wilkinson*, contra.

ON MOTION FOR REHEARING.

JENKINS, J. In a motion for rehearing, by the plaintiff in error, it is contended that the law of special agency constitutes the controlling principle in this case. In this motion it is urged that the order which has been quoted, by which the wife gave direction to the bank as to the manner in which her account should be car-

ried, and in which the bank was directed to honor checks drawn thereon when signed either by herself or by her husband, did not constitute further authority, whereby the husband was authorized to bind the wife in borrowing money. We do not understand that such is the contention in the case. From the record it appears that the note sued on was personally signed by the wife as principal. The order referred to and the bank's books of account were properly admitted in evidence as indicating the good faith of the lender in its contention that the loan was really made to the wife, and that the consideration thereof actually passed from it to her.

Upon consideration of the grounds of the motion, a rehearing is denied.