### 14415.   GROSS v. SMITH.

JENKINS, P. J.   1.   Under the law of this State a married woman cannot assume the debt of her husband, and no superficial appearance will be permitted to lead the court away from the true inwardness of the transaction.   Thus, if the wife did not in fact purchase and was not to receive the machinery under the contract sued on, but the whole transaction was merely a colorable scheme or device by which the wife was induced by the plaintiff to assume the previous debt of the husband, without any consideration flowing to her, she would have the right to repudiate the entire illegal and void transaction, no matter by what device its true inwardness and purpose had been concealed.   *Simmons v. International Harvester Co.,* 22 *Ga. App.* 358, 359 (96 S. E. 9).   But where the creditor, at the time a debt is created, really intends in good faith to extend the credit to the wife, and not to the husband, and the consideration of the property thus purchased passes legally and morally to the wife, and where the writings then executed are such as purport to bind her for the debt as her own, then, whatever may be the private understanding between the wife and the husband, in which the creditor is not concerned and in which he has no interest, as to the disposition by the wife of the property so received by her, the writings are to be treated as embracing the true substance of the contract.   Nor does it matter in such case that the negotiations leading to the purchase are in fact all had through the husband as her agent, where the transaction appears to be the bona fide and voluntary contract of the wife. *Hull* v. *Sullivan,* 63 *Ga.* 126 (1, 3), 134, 136, 137; *Strickland* v. *Gray,* 98 *Ga.* 667 (27 S. E. 155); *McDonald* v. *Bluthenthal,* 117 *Ga.* 120, 122, 123 (43 S. E. 422); *Johnson* v. *Leffler Co.,* 112 *Ga.* 670 (50 S. E. 488); *Schofield* v. *Jones,* 85 *Ga.* 816, 819 (11 S. E. 1032); *Nelms* v. *Keller,* 103 *Ga.* 745 (30 S. E. 572); *Gross* v. *Whiteley,* 128 *Ga.* 79, 82 (57 S. E. 94); *Third Nat. Bank of Columbus* v. *Poe,* 5 *Ga. App.* 113 (62 S. E. 826); *Longley* v. *Bank of Parrott,* 19 *Ga. App.* 701 (92 S. E. 232).

2.   Where a purchase-money note thus importing a legal and valid consideration is voluntarily and, in law, knowingly signed by a wife, she is bound by a stipulation therein expressly waiving all failure of consideration, and relieving the vendor of all guaranties.   *Tinsley* v. *Gullett Gin Co.,* 21 *Ga. App.* 512 (2) (94 S. E. 892); *Case Threshing Machine Co.* v. *Broach,* 137 *Ga.* 602 (1-3) (73 S. E. 1063); *Pryor* v. *Ludden & Bates,* 134 *Ga.* 288, 289-92 (67 S. E. 654, 28 L. R. A. (N. S.) 267); *Bond* v. *Perrin,* 145 *Ga.* 200 (88 S. E. 954); *Washington & Lincolnton R. Co.* v. *Southern Iron Co.,* 28 *Ga. App.* 684, 685 (1) (112 S. E. 905); *Connell* v. *Newkirk-George Motor Co.,* 28 *Ga. App.* 382 (111 S. E. 749); *Butler* v. *Citizens Bank,* 28 *Ga. App.* 184 (2) (110 S. E. 501); *Brooks* v. *Williams Mfg. Co.,* 29 *Ga. App.* 358 (115 S. E. 150).

3. There being in the plea nothing to dispute the valid consideration imported by the written instrument, and the second ground of defense amounting to nothing more than an attempt to set up a breach of an express warranty, the court did not err in striking the plea on demurrer. *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED OCTOBER 12, 1923.

Complaint; from city court of Sylvania—Judge Evans. February 13, 1923.

The action was upon two promissory notes, each embodying a mortgage upon an automobile, and one containing this clause: "I hereby waive all failure of consideration, the said [vendor] making no guarantee." An amendment to the petition alleged that "both notes were executed at the same time and covered the purchase-price of said automobile." The defendant in her plea set up two defenses: (1) that the debt represented by the notes was that of her husband, who made the trade for the car with the plaintiff and the plaintiff's agent for his own use and benefit, and after the making of the trade the said agent, with her husband, procured her to sign the notes, and that no consideration or benefit flowed or accrued to her; and (2) that her husband advised the plaintiff and said agent that he was purchasing the car for the purpose of vending medicine; that "they represented that said automobile was in first-class condition, that it was suitable for the purpose he desired;" and that, "relying upon these representations, he purchased same, and asked . . petitioner, his wife, to sign said notes;" that "these representations were false and fraudulent, that they were made for the purpose of deceiving this defendant and her husband, and they did actually deceive them into the giving of said notes, when in point of fact said automobile was wholly worthless" by reason of certain alleged defects; that these "defects were not apparent to this defendant or her husband, who were inexperienced in automobiles; but as soon as her husband attempted to use the car the defects developed;" that the car "was wholly unsuited for the purpose for which it was sold;" that upon discovering the defects the defendant and her husband promptly advised the plaintiff, who promised to "make it right," but that he subsequently failed and refused to do so; and that they had tendered the car back to the plaintiff in as good condition as when sold, and continued such tender. The defendant assigns error on

the order sustaining a general and special demurrer to this plea and striking it, and to the final judgment entered for the plaintiff.

*H. S. White,* for plaintiff in error.

*J. S. Powell,* contra.