19201. ROBINSON COMPANY *et al.* v. RICE.

DECIDED JUNE 3, 1929.

*Howell, Heyman & Bolding, Hugh Howell, Jere S. Ayers,* for plaintiffs.

*Erwin, Erwin & Nix, E. C. Stark, P. Cooley,* for defendant.

JENKINS, P. J. The trial judge, in overruling the motion for new trial, made the following statement in his order: "There is some doubt in the mind of the court, under the evidence, whether Mrs. Rice sustained her defense, but the jury agreed with her version of the same. It is therefore ordered and adjudged by the court that the motion be and same is hereby overruled and a new trial refused." If the proper construction of this order would be to clearly indicate that, although the trial judge did not himself approve the finding, it was nevertheless reluctantly allowed to stand because of the fact that the issue had been passed upon by the jury, the order overruling the motion would be subject to reversal for that reason, unless the evidence was such as to demand the verdict rendered. *A. C. L. Railroad Co.* v. *Williams,* 21 *Ga. App.* 453 (94 S. E. 584). Where, however, as in this case, the language of the trial judge is susceptible of the interpretation that the verdict was in fact approved by him in the exercise of a sound legal discretion, and that, although the issue involved was doubtful, the evidence, in the light of the verdict, convinced him of its correctness,

it could not be set aside as not having the approval of the trial judge. *Walter* v. *State,* 6 *Ga. App.* 565 (65 S. E. 357).

2. Where one who can read signs a contract without apprising himself of its contents otherwise than by accepting representations made by the opposite party, with whom there exists no fiduciary or confidential relation, he can not defend an action based on it, on the ground that it does not contain the contract actually made; unless it should appear that at the time he signed it some such emergency existed as would excuse his failure to read it, or that his failure to read it was brought about by some misleading artifice or device perpetrated by the opposite party, amounting to actual fraud, such as would reasonably prevent him from reading it. *Tinsley* v. *Gullett Gin Co.,* 21 *Ga. App.* 512 (94 S. E. 892). It is a well-recognized principle of law, however, that as between the original parties the consideration of a contract is ordinarily open to inquiry for the purpose of showing either that the consideration was originally illegal and the resultant promise therefore void, or that the consideration subsequently failed in whole or in part, so as no longer to support the promise as made. *Rheney* v. *Anderson,* 22 *Ga. App.* 417 (96 S. E. 217).

3. Under our law a married woman can not assume the debt of her husband (Civil Code (1910), § 3007), and no superficial appearance will be permitted to lead the court away from the true inwardness of the transaction. *Bank of Eufula* v. *Johnson,* 146 *Ga.* 791 (92 S. E. 631). Thus, if the wife did not in fact purchase and was not to receive the stock of goods under the contract sued on, but the whole transaction was merely a colorable scheme or device by which the wife was induced by the plaintiff to assume the previous debt of the husband, without any valid consideration flowing to her, she would have the right to repudiate the entire illegal and void transaction, no matter by what device its true inwardness and purpose had been concealed. Civil Code (1910), § 5790; *Purcell* v. *Armour Packing Co.,* 4 *Ga. App.* 253, 256 (61 S. E. 138).

4. Where, however, at the time the debt was created the creditor really and in good faith intended to extend credit to the wife and not to the husband, and the consideration for her promise passed legally and morally to her, the transaction will be treated as a valid one, provided the seller committed no fraud on her and knew of

none committed by the husband. *Schofield* v. *Jones,* 85 *Ga.* 816 (11 S. E. 1032); *Longley* v. *Bank of Parrott,* 19 *Ga. App.* 701 (92 S. E. 232). This is true notwithstanding there might have been previous negotiations with the husband for the purchase of the bargained property, which the husband was unable to consummate on account of his financial inability. *McDonald* v. *Blumenthal,* 117 *Ga.* 120 (43 S. E. 422). *Hull* v. *Sullivan,* 63 *Ga.* 127. The rule holds good even though by reason of her purchase an indebtedness of the husband based upon a prior sale of the same property to him might have been cancelled. In such a case, where the purpose and effect of the contract is that the wife shall pay only for what she bought, the debt is as much her own as if there had been no previous sale of the property to the husband. *Simmons* v. *International Harvester Co.,* 22 *Ga. App.* 358 (5) (96 S. E. 9); *Strickland* v. *Gray,* 98 *Ga.* 667 (27 S. E. 155); *Bateman* v. *Cherokee Fertilizer Co.,* 21 *Ga. App.* 158 (93 S. E. 1021).

5. If the real purpose and effect of the contract had not been that the wife should pay only for what she bought, but under the pretended contract of purchase and sale the true purpose and effect of the agreement had been that the wife, by such a subterfuge, should become responsible for the debt of the husband, and such consideration as actually passed to her had not in fact represented the true and full consideration for her promise, the fact that she might have thus purported to become the purchaser of property, under cover of such an illegal assumption on her part of her husband's debt, would not prevent the court from inquiring into the true inwardness of the transaction, despite such superficial appearance. No such question is, however, presented under the facts of the record. So far as the record shows or indicates, the only consideration of the defendant's obligation represented the actual purchase-price, under a fair and just valuation, of the bargained property. The evidence shows without dispute that the negotiations between the plaintiff and the defendant married woman resulted in an unambiguous written contract and agreement, whereby the plaintiff agreed to sell and the defendant wife, together with certain other persons, agreed to purchase a certain stock of goods, which, under her testimony, had been previously bargained to the husband and certain other persons, but which previous negotiations, under the testimony of the plaintiffs, had not resulted in a sale; and it

being undisputed that the defendant, together with her actual co-purchasers, became the actual owners, and went into actual possession of the bargained property, and, at least for the time being and for a particular purpose, recognized her status as a part owner in the business represented by such purchase, and there being no evidence to indicate that in the purchase of the bargained property any fraud was practiced upon her by the plaintiffs, or that they knew of any committed by the husband, or that there was in fact any committed by the husband, the defendant was bound by the contract as made, and the verdict in her favor in a suit brought on notes given in pursuance thereof was contrary to law, as being without evidence to support it.

*Judgment reversed. Bell, J., concurs. Stephens, J., dissents.*

STEPHENS, J., dissenting. However undisputed much of the testimony may be, it nevertheless appears to me that from all the testimony, including that which is undisputed, a reasonable inference can be drawn that the present suit is predicated upon an obligation of the defendant, who was a married woman, to pay a debt of her husband. I am of the opinion that the verdict for the defendant was authorized, that no error was committed, and that the judgment overruling the plaintiffs' motion for new trial should be affirmed. I therefore dissent from the judgment of reversal.