19657. HUTCHESON *et al.,* administrators, *v.* MAY.

BELL, J. 1. A married woman may enter any contract by an agent that the law will permit her to make in person. She may appoint her husband as her general agent, and in such case will be bound by an agreement made in her behalf by the husband acting within the scope of his authority, to the same extent as if the agreement were made by the wife by and for herself independently of such agent. Civil Code (1910), § 3571; *Foster* v. *Jones,* 78 *Ga.* 150 (1 S. E. 275); *Wheeler County Bank* v. *Hargroves,* 148 *Ga.* 487 (2) (97 S. E. 69); *Cook* v. *Hightower,* 13 *Ga. App.* 309 (2) (79 S. E. 165); *Winer* v. *Flournoy Realty Co.,* 27 *Ga. App.* 87 (4) (107 S. E. 398); *Herrington* v. *Garlick,* 27 *Ga. App.* 368 (108 S. E. 304).

2. A married woman can not bind her separate estate by any contract of suretyship, nor can she assume the debts of her husband, nor sell her separate estate to a creditor to extinguish his debt; but these are "the only restrictions put upon her in dealing with her separate estate, and outside of them she stands upon the same footing as a man or a feme sole." *McCrory* v. *Grandy,* 92 *Ga.* 319, 327 (18 S. E. 65); *Nelms* v. *Keller,* 103 *Ga.* 745 (30 S. E. 572).

3. A married woman may either purchase or settle an execution against her husband, where it has been levied upon property to which she claims title, but in which the husband also has an interest apparently subject to the execution, and where the purchase or settlement is made to release the property from the levy and to obtain its use for the benefit of the wife in her separate estate. *Daniel* v. *Royce,* 96 *Ga.* 566 (2) (23 S. E. 493); *Lowenstein* v. *Meyer,* 114 *Ga.* 709 (3) (40 S. E. 726); *Atlanta Suburban Land Co.* v. *Austin,* 122 *Ga.* 374 (7) (50 S. E. 124); *Sims* v. *Scheussler,* 2 *Ga. App.* 466 (58 S. E. 693).

4. Where a ·husband, after conveying lands to another to secure a debt, made a second conveyance of the same lands to his wife to secure an additional debt, and, while both of these conveyances were oustanding, entered upon the lands and manufactured lumber from timber standing thereon, the husband was not without an apparent interest in the lumber (*Candler* v. *Dodge County Lumber Co.,* 34 *Ga. App.* 289, 129 S. E. 289, and cit.); and where a judgment creditor caused an execution against the husband to· be levied upon such lumber as the husband's property, the wife, in order to obtain a release of the property and to protect her interest therein, could purchase the execution; and a contract made by her for that purpose, if free from fraud or undue influence, would be binding upon her. *Knox* v. *Harrell,* 26 *Ga. App.* 772 (4) (107 S. E. 594, 108 S. E. 117); *Schofield* v. *Jones,* 85 *Ga.* 816 (11 S. E. 1032); *Hull* v. *Sullivan,* 63 *Ga.* 126; *Strickland* v. *Gray,* 98 *Ga.*

667 (27 S. E. 155); *McDonald* v. *Blumenthal*, 117 *Ga.* 120 (43 S. E. 422); *Longley* v. *Bank of Parrott*, 19 *Ga. App.* 701 (92 S. E. 232); *Bateman* v. *Cherokee Fertilizer Co.*, 21 *Ga. App.* 158 (93 S. E. 1021); *Simmons* v. *International Harvester Co.*, 22 *Ga. App.* 358 (5) (96 S. E. 9); *Robinson Co.* v. *Rice*, 39 *Ga. App.* 785 (148 S. E. 542).

5. Where a married woman entered into such a contract for the purchase of an execution against her husband and executed notes therefor, she could not repudiate the transaction upon the ground that the agreement was an undertaking by her to pay the debt of her husband. The fact that in all negotiations prior to the final making of the contract the wife was represented by the husband, and that she did not in fact understand the true consideration of the agreement, would not operate to relieve her from liability, where the true intent and purpose was not to bind her for the debt of her husband, but to make a bona fide purchase of the execution, and the husband in so representing his wife was acting within the scope of his authority as her agent. *Pinkston* v. *Cedar Hill Nursery & Orchard Co.*, 123 *Ga.* 302 (51 S. E. 387); *Sheffield* v. *Sheffield*, 39 *Ga. App.* 271 (146 S. E. 655); *Longley* v. *Bank of Parrot*, supra.

6. In this suit against a married woman upon notes claimed by the plaintiff to have been executed in pursuance of an agreement by the defendant to purchase an execution in favor of the plaintiff and against the defendant's husband, but claimed by the defendant to have represented a mere assumption by her of the debt of her husband, there was, under the evidence, a question of fact as to whether the agreement was a bona fide transaction by the wife for her own benefit, or whether it was a mere colorable scheme to make the wife responsible for her husband's debt. The evidence would have authorized a verdict in favor of the plaintiff upon this issue. The court therefore erred in directing the jury to find in favor of the defendant.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur*

Decided January 23, 1930.

*M. L. Gross, J. J. Harris,* for plaintiffs.
*E. W. Jordan,* for defendant.