22430.  GIBSON *v.* GENERAL MOTORS ACCEPTANCE CORPORATION.

JENKINS, P. J.  1. While a married woman can not bind her separate estate by any contract of suretyship, nor by any assumption of the debts of her husband (Civil Code, 1910, § 3007), she may nevertheless contract, and by an original undertaking on her part may bind her separate estate, for the purchase-price of property, even though she may, with the knowledge of the seller, turn the property bought over to her husband. *Longley* v. *Bank of Parrott,* 19 *Ga. App.* 701 (92 S. E. 232); *McDonald* v. *Bluthenthal,* 117 *Ga.* 120 (43 S. E. 422); *White* v. *Stocker,* 85 *Ga.* 200 (11 S. E. 604); *McCrory* v. *Grandy,* 92 *Ga.* 319 (18 S. E. 65); *Chastain* v. *Peak,* 111 *Ga.* 889 (36 S. E. 967); *Johnson* v. *Leffler Co.,* 122 *Ga.* 670 (50 S. E. 488).

2. Where a married woman enters into an unambiguous written contract whereby she becomes the owner of personalty, and agrees to pay a stipulated price therefor, she is bound by her obligation as purchaser, if the seller committed no fraud upon her nor knew of any committed by the husband. *Bateman* v. *Cherokee Fertilizer Co.,* 21 *Ga. App.* 158 (2) (93 S. E. 1021); *Simmons* v. *International Harvester Co.,* 22 *Ga. App.* 358, 359 (5) (96 S. E. 9); *Gross* v. *Smith,* 31 *Ga. App.* 95 (119 S. E. 541).

3. In the instant suit against a married woman for the unpaid balance of the purchase-price of an automobile sold under a written contract of purchase and sale executed by the defendant and the vendor, there was no evidence whatever of any fraud practised upon the defendant by the vendor, and no evidence going to show that the defendant wife was unable to read and comprehend the terms of the written agreement. *Tinsley* v. *Gullett Gin Co.,* 21 *Ga. App.* 512 (2) (94 S. E. 892). Accordingly, although the defendant may have purchased the automobile for the benefit of her husband, and may have immediately turned it over to him, she must be held bound by the unambiguous written contract, by which she became the purchaser of the property, and by which the consideration for the agreement on her part to pay the purchase-price passed legally and morally to her.

4. There was no evidence to sustain the plea of rescission, the testimony showing merely that the automobile, after being totally wrecked, was placed in the custody of the original vendor who had assigned to the plaintiff the contract sued on.

5. The verdict in favor of the plaintiff was demanded, and the judge did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED DECEMBER 23, 1932.

*H. G. Rawls,* for plaintiff in error.  *J. T. Goree,* contra.