25262. GIBSON *v.* GIBSON, administratrix, *et al.*

188

*Isaac S. Peebles Jr.,* for plaintiff in error.
*Randall Evans Jr.,* contra.

JENKINS, P. J. ■ "When a married woman gives her individual note, the presumption of law is that she gave it on her own contract and for value, to charge her separate property." *Perkins* v. *Rowland,* 69 *Ga.* 661, 664. "Where the creditor, at the time a debt is created, really intends in good faith to extend the credit to the wife, and not to the husband, and the consideration of the loan passes legally and morally from the creditor to the wife, and where the writings then executed are such as purport to bind her for the debt as her own, then, whatever may be the private understanding between the wife and the husband, in which the creditor is not concerned and in which he has no interest, as to the disposition by the wife of the proceeds of the loan so received by her, the writings are to be treated as embracing the true substance of the contract. Nor does it matter in such case that the negotiations relating to the loan are in fact all made through the husband, where the transaction otherwise appears to be the bona fide and voluntary contract of the wife." *Longley* v. *Bank of Parrott,* 19 *Ga. App.* 701 (92 S. E. 232), and cit. "Bare presumptions of law give way to testimony, which may shift the burden of proof or of proceeding to the opposite party, and he is not then entitled to prevail upon the presumption alone." *Hamby* v. *Crisp,* 48 *Ga. App.* 418, 421 (172 S. E. 842), and cit.; *Jones* v. *Weichselbaum,* 115 *Ga.* 369, 370 (41 S. E. 615); *Love* v. *Lamar,* 78 *Ga.* 326 (3 S. E. 90). "Whether the presumption has been successfully rebutted with testimony is ordinarily a question for the jury. . . Where there is proof of facts or circumstances to support the presumption, and the evidence as a whole is conflicting, a verdict in favor of either party will not be disturbed upon general grounds." *Hamby* v. *Crisp,* supra; *National Life &c. Co.* v. *Hankerson,* 49 *Ga. App.* 350 (7) (175 S. E. 500).

■ Where there is an issue whether a signature on a document was made by one of the parties, "other writings, proved or acknowledged to be genuine, may be admitted in evidence for the purpose of comparison by the jury," as provided by Code, § 38-709, and the jury may "form a judgment upon the genuineness of the handwriting, or the identity of the writer." *Henderson* v. *Hackney*, 16 *Ga.* 521 (3), 525. The question is then not one of law, but of fact for determination by the jury. *Kelly* v. *Keese*, 102 *Ga.* 700 (2, 3), 702 (29 S. E. 591); *Vizard* v. *Moody*, 119 *Ga.* 918 (8), 924 (47 S. E. 348); *Wilson* v. *Barnard*, 10 *Ga. App.* 98 (3) (72 S. E. 943); *Hamby* v. *Crisp*, supra.

■ Under the foregoing rules, in a suit against a wife on a promissory note signed solely by her, although the oral testimony is to the effect that the note represented a loan to her husband, and that the checks evidencing the consideration of the note, though payable to the wife, were indorsed in her name by the husband without her authority or knowledge, a verdict is nevertheless not demanded for the defendant, where her admitted and sample signatures, the indorsements on the checks, and the name of the wife as written by the husband in the presence of the jury, are all before the jury for consideration. This is true since from this evidence the jury would be authorized to find that the wife herself indorsed the checks and received the proceeds of the note, and that the note was thus given for a consideration received by her, in which the lender had no concern, irrespective of whether the wife may have thereafter turned over the proceeds of the loan to the husband. Accordingly, in the instant case, the court did not err in refusing a new trial on the general grounds. Moreover, a certified copy of the proceedings in the bankruptcy of the husband in the following year, showing that he had not listed the note in question or its payee among his debts and creditors, was also in evidence, together with the husband's explanation of such omission. It was also shown that the wife herself had previously paid $300 on the $660 note, without any protest or objection that the obligation was a debt of the husband, so far as indicated by the record. All of this evidence raised questions of fact for the determination of the jury.

■ The court admitted testimony of the plaintiff as to conversations between her and the deceased payee of the note, her husband, over objections made by the defendant without any motion for mis-

trial. Later, after a motion by the plaintiff herself to rule out this testimony, the defendant moved to declare a mistrial on the ground that the withdrawal of the testimony would not cure its prejudicial effect on the jury. Thereupon the court stated to the jury: "We have admitted before you testimony of the representative of the deceased, to conversations that she had with her husband, touching this debt or this suit on this alleged debt. Now I ask you just to eliminate her testimony in regard to that from your minds— that conversation she had with her husband. Eliminate that from your minds entirely. And sometimes a fellow feels like 'Well, I have heard it already,' but you are conscientious enough, when the court instructs you, just to leave that out and decide a case according to the evidence and law given you in charge as to whether or not, with all that eliminated, is this the husband's debt·or is it the wife's debt." In view of these clear and positive instructions, and the absence of any motion to declare a mistrial at the time the testimony was admitted, the court did not abuse its discretion in denying the motion made at the time the testimony was ruled out.

■ It is not good practice for a court during a recess to communicate with and further instruct the jury before they have reached a verdict, without the knowledge and approval of the parties or their attorneys. *Dent* v. *King,* 1 *Ga.* 203, 204 (44 Am. D. 638) ; *Bryant* v. *Simmons,* 74 *Ga.* 705. But even where there is such an irregularity, it must appear to have been prejudicial to the complaining party, or of such a nature that injury will be presumed; and if it affirmatively appears that the losing party could not have been injured, a new trial should not result. *Boone* v. *Lord,* 38 *Ga. App.* 397, 399, 400 (144 S. E. 123). In the instant case the jury submitted to the judge this question: "It is understood that under the law a wife can not be made to assume a debt of her husband by signing a note or otherwise. If a wife is jointly interested in business with her husband as a partner, is not the act of either one of the parties in connection with said business equally binding upon both?" To this the judge, in the absence of the parties and their counsel, replied: "That makes no difference. The question here is whether this money was loaned to her or her husband. If it was loaned to her husband, she is not responsible; it makes no difference whether the money was used in any business or not, or whether she had any interest in the business

or not. If you and your wife and me and my wife were in business together, and you borrowed money on your own account and it went into the business, it makes no difference whether it went into the business or not, and you loaned the money to me; it is my debt; and simply because my wife and others got some benefit from it in the business won't make any difference in this case. The only question is whether this was a loan to the husband directly, or whether the wife, and whether this method, if it was loaned to the husband, this method was used in order to get it to him, without his creditors grabbing it before he could get it [as the husband testified], or whether it was a loan or not. You can determine all the facts of the business, and what not, in determining whether this was his loan or whether it was his wife's." There is no averment of prejudice to the defendant, except that she and her counsel were deprived of the right of being present at all stages of the trial, and no exception to the instructions given, except as to an alleged statement by the judge, immediately preceding the language quoted, as follows: "If there is any correction to be made, you make it," upon the ground that this left open to the jury any and all corrections as to legal principles, irrespective of what the judge had previously charged in open court. This exception would be well taken, if the alleged statement had been made to the jury as a part of the reply to their question during the recess of the court. However, it is shown by the record that this statement occurred in open court with all parties present just before the verdict was rendered. At that time the judge informed the parties as to the previous question of the jury, and his reply thereto, in this language: "And I said to the foreman substantially this—*and Mr. Foreman, if there is any correction to be made, you make it.* I said, 'That makes no difference,'" following this with the instruction given, as above quoted. Manifestly the reference to a "correction" being made had no connection with the language used in the previous instruction, but was addressed in open court to the foreman, asking the foreman, in the presence of all parties and the jurors, to correct the judge if he did not correctly state what had previously occurred between the judge and jury. Counsel for the plaintiff in error properly concede in their brief: "Candor compels us to say that we apparently misinterpreted this language of the court. He was apparently telling the foreman to correct him

if he was misquoting what he had told the foreman." There being no complaint of any error or prejudice as to the instruction given, and the legal principles stated, as to the wife's absence of liability even though a partner or jointly interested in a business with her husband, being entirely favorable to the wife, irrespective of any question as to their legal accuracy (see *Daniel* v. *G. Ober & Sons Co.*, 52 *Ga. App.* 691 (3), 184 S. E. 439, and cit.), there is no merit in this ground.

    *Judgment affirmed. Stephens and Sutton, JJ., concur.*