## SMITH *et al.* *v.* HARDMAN.

Where a husband and wife executed a joint promissory note as a basis of credit for goods to be furnished the husband in conducting his business "and for things for her family" to be furnished out of the payee's store, the wife's relation to the note, as to the goods to be supplied and which were supplied to the husband for carrying on his business, was that of surety only; and where, on the trial of an action brought on such note by the payee against both husband and wife, the above recited facts appeared, and it was also shown that the whole amount of the note had been "traded out" by the husband, and it did not appear that the wife had ever obtained any goods from the plaintiff on her own account, it was error to direct a verdict in his favor against both the defendants.

May 4, 1896.   Argued at the last term.

Foreclosure of mortgage.   Before Judge Reese.   Madison superior court.   March term, 1895.

*David W. Meadow,* for plaintiffs in error.
*John J. Strickland,* contra.

ATKINSON, Justice.

Omitting that part of the motion for new trial which relates to the motion to continue, and which we do not deem necessary to consider in the determination of the present case, the official report, which was as follows, states the facts: Hardman by his petition alleged, that L. E. and W. T. Smith were indebted to him $100 principal, besides interest and attorney's fees, on a note dated April 20th, 1892, due November 1st, 1892; that on April 20th, 1892, they made to him a mortgage to secure this note on certain realty described; that they refused to pay the note and mortgage; and he prayed for a general judgment against them, and for a decree foreclosing the mortgage. Defendants pleaded not indebted. Also, partial failure of consideration, because plaintiff desired to sell W. T. Smith material to be used by him in his work as a blacksmith in 1892; that before furnishing any of the material, plaintiff required said Smith to give the note, and the note was to cover whatever amount Smith might trade out with plaintiff up to the $100, and was to be binding for no more than the amount of material that might be bought during the balance of said year by Smith from plaintiff; that in point of fact only $57.45 worth of material was ever furnished for the shop, chargeable under said note. Further, that the $57.45 has been fully paid, at times and in amounts set forth. L. E. Smith pleaded, that at the time of signing the note, she was the wife of W. T. Smith; that the debt for which the note was given was his obligation, and with which she had nothing to do; that the property mortgaged was, and is, her separate estate, and he had no interest in it; that while she signed the mortgage note with him, it was only as security, and reluctantly and entirely against her will, and by the persuasions of her husband and plaintiff; and that being for his debt, she is not bound thereby.

There was, under the court's direction, a verdict for plaintiff for $57 principal, with interest and attorney's fees, and for foreclosure of the mortgage. Defendants moved for a new trial, and their motion being overruled, excepted. The motion was upon the general grounds, that the verdict was contrary to law, evidence, etc. Further, because the court erred in refusing to continue the case, upon the showing made by defendants' counsel, stating in his place that he could not go safely to trial in the absence of his clients, and that they had notified him that they would be present, if not providentially hindered. Error in refusing to allow defendants' counsel to prove by plaintiff that the land described in the mortgage belonged to L. E. Smith, wife of W. T. Smith. Error in refusing to allow the jury to pass upon the facts of the case after the testimony was all in. Error in instructing the jury, after the testimony was all in, to find a verdict for plaintiff for the full amount which plaintiff claimed. Error in directing that the mortgage be foreclosed for the full amount against L. E. Smith. Error in directing a verdict, and allowing judgment against L. E. Smith for the full amount which plaintiff claimed.

Upon the trial plaintiff introduced the note and mortgage. Defendants introduced the plaintiff, who testified, among other things, that L. E. Smith is, and was at the time of signing the note and mortgage, the wife of W. T. Smith; that the note and mortgage were given to secure the payment of material to be furnished by witness to W. T. Smith, to be used by him in running a blacksmith shop, and for things for her family out of plaintiff's store; that whatever was traded out was the consideration of the note; that Smith told witness he traded out the amount of the note, but witness does not know of his own knowledge what part of the note was traded out, and that the note was paid in part, leaving a balance of $57 principal now due.

It will be seen, by reference to the record, that the note sued upon was not given in settlement of an existing in-

debtedness, but was given as security for the payment of the price of goods to be thereafter obtained. Husband and wife both signed this paper. It contemplated a credit to him for goods to be furnished to him in conducting his business, and likewise a credit to her for things in her family, so that it appears that, as to the goods actually furnished to the husband, the wife was security only. It appears that the whole amount of the note had been traded out. Just what amount was traded out by the husband in obtaining goods in connection with his own business does not appear. The wife cannot be held liable upon account of any indebtedness incurred by her as security for her husband, and therefore the burden of proof was upon the plaintiff, in order to recover a judgment against her, to point out by evidence that for which she was liable as an original promissor, and that for which she was liable as surety only, and the evidence being silent upon that subject, no verdict could be legally rendered against her for any portion of the debt; for, tested by the evidence alone, as it appears in the record, it cannot be said that any portion of the sum represented in the credit extended was properly chargeable to the wife upon her own account, independently of the contract of suretyship for the husband. This being true, the court erred in directing a verdict generally in favor of the plaintiff against both defendants, and a new trial is accordingly ordered.

*Judgment reversed.*