## 4858.  HODGES *v.* GILLESPIE, SHIELDS & COMPANY.

The evidence demanded a finding in favor of the plea of suretyship filed by
the defendant, who was a feme covert, and the court erred in overruling
her motion for a new trial.

DECIDED JULY 8, 1913.

Complaint; from city court of Jefferson—Judge Johns.  Febru-
ary 8, 1913.

.  *George C. Thomas,* for plaintiff in error.  *L. C. Russell,* contra.

POTTLE, J.  Suit was brought against a husband and his wife on
two promissory notes signed by them apparently as joint makers.
The wife pleaded that she signed the notes as surety for her hus-
band.  It appeared, from the evidence, that the husband was a
merchant and that the notes were given for the purchase-price of
certain merchandise which had been shipped to him.  The evi-
dence shows that the wife had no interest in the business and re-
ceived no part of the consideration for which the notes were given,
the goods having been shipped directly to the husband and dis-
posed of in a stock of merchandise owned by him.  The husband
and the wife both testified that the notes were signed by her as
security at his request.  One of the agents of the plaintiffs testified
that he did not ship the goods to the husband until the notes were
received, and that he requested that both the husband and the
wife sign the notes before the goods would be shipped.  Several
letters and telegrams containing correspondence between the hus-
band and the plaintiffs were introduced in evidence.  In these it
appears that he promised to forward the notes, and the plaintiffs
wrote to him that the goods would be shipped as soon as the notes
were received, signed jointly by him and his wife.

Several decisions are cited by counsel for the plaintiffs to the
effect that where a sale has been agreed upon with a husband and
he can not give security, and thereafter his wife becomes the pur-
chaser of the goods, either directly or through her husband as agent,
and gives the required security, it is the same as if no sale to the
husband had been contemplated.  In such a case the debt is hers,
not his.  See *Boland* v. *Klink,* 63 *Ga.* 448; *Hull* v. *Sullivan,* Id.
127; *McDonald* v. *Bluthenthal,* 117 *Ga.* 120 (43 S. E. 422).  The
facts of this case, however, do not bring it within the principle of
those decisions.  There is nothing to show that any sale was made
to the wife.  Nor were there any negotiations between the wife

and the creditors looking to a sale to her. On the contrary, the evidence demanded a finding that the sale was made to the husband. The goods were shipped to him and disposed of by him, and the wife received no part of the consideration. It is true she might have constituted him her agent to purchase the goods and sell them for her, and she might have signed the notes jointly with him as a maker, and the obligation would have been binding upon her, but there is nothing in the evidence to show that she did this. Both the husband and the wife testified positively that she signed the notes solely as security for him, and the only evidence to impeach the truth of this testimony is the bare fact that the creditors would not ship the goods until they received the notes signed jointly by the husband and the wife. This testimony in behalf of the plaintiffs is not inconsistent with the testimony for the wife that she was merely a surety for her husband. Doubtless the plaintiffs thought that her relation to the paper was that of a joint maker, but when they shipped the goods to the husband without making any contract with her and without ascertaining what her true relation to the paper was, they took the risk of her showing, as she has done, that her real relation to the paper was that of a surety for her husband; that she did not contract to buy the goods, either directly or through her husband as agent; that she received no part of the consideration, and that she signed the notes merely for the accommodation of her husband. There is nothing in any of the correspondence to indicate that the husband was acting as agent for her. The case is simply one where the creditors dealt exclusively with the husband and declined to extend him credit until the wife signed the evidence of the indebtedness with him. They knew that she was a married woman, and knew that she had no power to bind her estate by a contract of suretyship, and, knowing these things, they took the risk. The evidence demanded a verdict in the wife's favor, and a contrary finding should have been set aside on her motion for a new trial.          *Judgment reversed.*