*W. C. Davis,* contra.

---

### 11916. HARDEN *v.* HARDEN.

The evidence authorized a finding that the defendant, a married woman, was liable on the notes sued on, which she alleged were signed by her as surety for her husband.

The charge of the court was a correct presentation of the law of the case and was not subject to the exceptions taken.

DECIDED JANUARY 25, 1921.

Complaint; from city court of Atlanta — Judge Reid. May 29, 1920.

The notes sued on were given to the mother of the defendant's husband for money borrowed for the purpose of purchasing a boarding-house business, and were signed jointly by him and herself. The contentions of the parties appear from the charge of the court, which follows:

" This suit is brought by Mrs. Mary L. Harden against Mrs. Adele Harden for $450; the $450 being made up of amounts of several small notes, one for $100 and the others for $50 each.

And the plaintiff alleges that the defendant failed to pay these amounts, and she brings suit, asking to recover a verdict and judgment against the defendant for the amount sued for, with interest. Copies of the notes sued on are attached to the declaration in attachment and the originals have been introduced in evidence. You would be authorized to find for the plaintiff the amount due on the notes, principal and interest, unless you sustain the plea set up by the defendant.

" The defendant filed a plea, in which she admits the execution of these notes — that is, that she signed them — but she denies that she is liable upon the notes, and contends that she ought not to be held liable and there should be no verdict and judgment against her, for the reason, she says, the notes sued on were given by her husband, F. E. Harden, in his lifetime, and that she executed and delivered the same as security for her husband, and that under the law she is not bound, since she cannot bind herself as security for her husband, and that she did not receive any of the consideration of the notes, and that she is not indebted to the plaintiff in any sum whatever.

" The notes are signed by F. E. Harden and Mrs. Adele Harden both, and they are signed without any indication of suretyship on the notes themselves. According to the face of the notes, with nothing else, they would be joint makers of the notes; but she sets up that, while her name appears as joint maker, she was in fact security for her husband, and for that reason is not bound under the notes.

" As to the admission she makes in her answer, as to the execution and the ownership of the notes, plaintiff would have a right to have a verdict for the amount due on the notes, unless, as I have stated, you sustain the plea of the defendant, and as to all of the averments in the plea the burden of proof is upon her (the defendant) to show to your satisfaction, by a legal preponderance of the evidence in the case, the allegations she makes are true. "

After defining " preponderance of evidence " and charging further on the law as to evidence, the judge proceeded as follows: " The law declares that a married woman cannot bind herself or her separate estate by any contract of suretyship. If she undertakes such a contract, it is void and cannot be enforced, because,

as I say, the law declares that she cannot bind herself or her separate estate by any contract of suretyship—a married woman. There is no dispute that this woman was a married woman, F. E. Harden being her husband at that time, and there is no dispute but that both of them signed these notes, signing on the face of the notes as joint makers; but under the plea the question you are to decide in this case is whether they were joint obligors, or whether the money was loaned for her benefit, or whether it was loaned for the benefit of her husband and she simply became surety for him. If she did become security for him, she is not liable on these notes. If she did enter into the contract with him for the money to be used for herself, she would be liable. If she contracted with him for the money to be used for the joint benefit, the benefit of both of them, she would be liable, and hence it becomes purely a question of fact of whether she was security or not.

" The contention on the part of the plaintiff is that this money was really loaned to Mrs. Adele Harden herself; that she asked for the loan, applied for it; that she had been engaged in the boarding house business in Atlanta, and had gone to Tampa, Fla., for the purpose of carrying on the same sort of business; that she engaged in that business herself, and for herself; and that this money was borrowed to be used in furthering the business of hers. If you believe this contention to be true she would be liable.

" The plaintiff contends that in any event the business was being carried on as the business of herself and of her husband, and not as her husband's business alone; that it was a joint obligation and undertaking in running the boarding house. If you believe that to be true, if you believe the money went into a joint enterprise of carrying on a boarding house for both, then that would make her liable.

" But she contends that she was a married woman, that her husband was dissipated and given to drink, that he was carrying on the boarding house, and that she was managing it for him, and that it was his business, and this money was loaned to him for the purpose of buying a new boarding house; that she was managing and carrying it on for him; that she got none of the benefits of the consideration of the notes, none of the benefits of any of the money; that the husband used it in his own business, and that the

balance he wasted in his dissipation; that she signed the notes to accommodate him, and that he got the money for his own use. If you believe that contention to be true, that would constitute her a surety or security, and she would not be liable under the law on these notes. So, under the instructions, it just becomes a question of fact for your determination.

" It would make no difference which party actually received the money; that is, into whose hands the money was delivered. The question you are to settle is whether it was borrowed for him, and him alone; if it was, she would not be liable; if borrowed for both of them, their joint benefit, she would be liable; if borrowed for her to carry on the boarding house business herself, she would be liable; but the mere fact of the delivery of the money into his hands or hers would not make him or her liable alone, but that question you would determine upon the propositions which I have submitted to you, and as to which I have given you instructions. " The charge concluded with instructions as to the form of the verdict.

The verdict was for the plaintiff, the defendant's motion for a new trial was overruled, and the movant excepted. The motion contained, besides the usual general grounds, two special grounds, in one of which the last quoted paragraph of the charge of the court was complained of for the reason that " the evidence disclosed that the money was sent to Harden, and that he had the money several days before the notes sued on were executed, and that it was his debt, since he had obtained the money and the notes were executed and delivered for a pre-existing debt of the husband of the defendant. "

The second special ground of the motion was that the court erred in not charging that " if the money was obtained by the husband on the joint credit of himself and wife, and applied to his own use, he is the real primary debtor, and the wife is in the position of a surety. " ·

*Walter A. Sims,* for plaintiff in error, cited: Civil Code (1910), § 3007; 94 *Ga.* 500 (5).

*T. C. Waters, James A. Miller,* contra, cited: 7 *Ga. App.* 655; 85 *Ga.* 816; Id. 200; 5 *Ga. App.* 113; 59 *Ga.* 380; 89 *Ga.* 306; 112 *Ga.* 115; 59 *Ga.* 380.

BROYLES, C. J. The defendant was sued on certain promissory notes which she and her husband jointly signed. There were no

indications on the notes that she signed them as surety only, but she pleaded that she signed them as surety for her husband and that the contracts, under the law, were unenforceable against her. The evidence upon the trial amply authorized a finding that the money obtained upon the notes was borrowed by the defendant and her husband for their joint benefit and that she was liable therefor. The charge of the court was a full, fair, and correct presentation of the law of the case, and was not subject to any of the exceptions taken. The verdict was authorized by the evidence, and the court did not err in refusing to grant a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*