WOODS *v.* BRANNEN.

No. 17632. SUBMITTED OCTOBER 9, 1951—DECIDED NOVEMBER 13, 1951.

*Fred T. Lanier* and *Robert S. Lanier,* for plaintiff.

*William J. & W. G. Neville,* for defendant.

WYATT, Justice. 1. The evidence disclosed that on April 29, 1907, W. J. Williams conveyed to the Savannah, Augusta, and Northern Railroad Company a one-hundred-foot-wide right of way through the lands of the grantor, said deed containing the provision: "Said Williams has the right to cultivate said lands up to the track until it is needed for railway purposes." Another provision in the deed was: "This deed to be void unless said railroad shall build on said lands within two years from date." In April, 1921, W. J. Williams conveyed the tract of land through which the railroad right of way extended to his wife, Mrs. Leah Williams. On December 18, 1936, Mrs. Leah Williams conveyed the property to W. W. Woods, the plaintiff. The fence referred to in the plaintiff's petition, as well as the alleged private road or way, was located on the described right of way. On January 15, 1950, the railroad company conveyed the right of way to H. L. Brannen, the defendant.

. The plaintiff in error can not claim title to the property in question by virtue of his deed, for the reason that, at the time the property was conveyed to him, the deed conveying the right of way to the railroad company was duly recorded. Neither can he claim the property by reason of prescriptive title, for the reason that "Permissive possession cannot be the foundation of a prescription, until an adverse claim and actual notice to the other party." Code, § 85-402. This applies equally to seven years with color or twenty years without. *Ford* v. *Holmes,* 61 *Ga.* 419. The deed to the right of way in the instant case clearly provides that any possession on the part of the plaintiff in error or his predecessors in title was permissive.

In so far as the private road or way is concerned, the only evidence concerning the working or keeping in repair of the alleged private way was the testimony of a witness introduced by the plaintiff in error, and he testified that it was not worked. Since the plaintiff in error failed to show that he and his predecessors in title had kept the alleged private way "open and in repair" (Code, § 83-102), his claim to a private way must fail.

It follows, from what has been said above, a verdict in favor of the defendant in error was demanded by the evidence. This

being true, it becomes unnecessary to rule upon the other questions raised in the record.

*Judgment affirmed. All the Justices concur.*