41002. ATLAS SUBSIDIARIES OF DELAWARE, INC.
v. DAVIS.

DECIDED NOVEMBER 19, 1964—REHEARING DENIED
DECEMBER 2, 1964.

*Lipshutz, Macey, Zusmann & Sikes, Robert A. Elsner,* for plaintiff in error.

*Robert T. Efurd, Robert T. Efurd, Jr.,* contra.

NICHOLS, Presiding Judge. 1. Special ground numbered 2 of the plaintiff's amended motion for new trial assigns error: "Because the court, in its charge to the jury, failed to instruct the jury that it must find from the evidence adduced at the trial of the case, that at the time of the execution of said note, that the payee of said note was dealing with the defendant as a surety." Had the trial court charged as contended for by the plaintiff it would have been tantamount to directing a verdict for the defendant where it was stipulated that the sole issue was whether the defendant had signed the note as a surety or in some other capacity. Obviously, the failure to charge the jury as contended for by the plaintiff was not harmful to the plaintiff.

2. The sole question remaining for decision is whether the

verdict for the defendant was authorized. The defendant testified that the note and deed to secure debt were given for improvements to be made to the property owned by her husband. The recorded deed showing the title to such property to be in the defendant's husband was introduced in evidence. Such recorded deed was notice to the named payee in such note that the property was owned by the defendant's husband (*Woods v. Brannen*, 208 Ga. 495, 67 SE2d 702), and that the improvements were made to his property.

The fact that such note was given for improvements made to the property of the defendant's husband is supported by the indorsement on the back of the note, transferring it to the plaintiff, which read in part as follows: "In consideration of the purchase of this instrument by . . . [plaintiff] . . . , and intending to be legally bound thereby, the undersigned [original payee] warrant, in addition to those warranties implied by law, that all bills for labor and materials have been paid and that no mechanics liens have or will be filed against the premises on account of the work being performed; that the work has been completed satisfactorily. . ."

The defendant testified that she received no consideration for signing the note, that she did so at the request of her husband, and it was not shown that she signed any contract for the improvement of the real estate owned by her husband, or that her husband signed any such contract acting as her agent. Under the decision of *Hodges v. Gillespie*, 13 Ga. App. 63 (78 SE 832), and similar cases the verdict was authorized by the evidence. See also *Dobbins v. Blanchard*, 94 Ga. 500 (21 SE 215); *Smith v. Hardman*, 99 Ga. 381 (27 SE 731); *Jones v. Weichselbaum*, 115 Ga. 369 (41 SE 615); and *Bozeman v. Brock*, 58 Ga. App. 816 (200 SE 182). The trial court did not err in overruling plaintiff's motion for new trial on the usual general grounds or on the special ground seeking a judgment non obstante veredicto.

*Judgment affirmed. Hall and Russell, JJ., concur.*