### 41547. SYLVANIA ELECTRIC PRODUCTS, INC. v. FLEMING.

NICHOLS, Presiding Judge. Sylvania Electric Products, Inc. filed suit against Mrs. Claudine L. Fleming on three notes, attached as exhibits to the petition, payable to the plaintiff and signed "Knapp TV Laboratories, Inc. Doyle J. Fleming." Those notes were signed on the back by Claudine L. Fleming and Doyle J. Fleming. The defendant filed a plea of suretyship and the plaintiff, by amendment, added a second count wherein he sought to recover on a "guaranty" contract wherein the defendant and her husband agreed to be bound for any default by Knapp TV Laboratories, Inc. in the payment of any amount due Sylvania Home Electronics Corporation.

On the trial of the case before the court without the intervention of a jury the defendant admitted a prima facie case, assumed the burden of proof, and it was stipulated that Doyle J. Fleming and the defendant were husband and wife. The defendant presented evidence that the notes sued on in the

first count were for merchandise sold the defendant's husband when he operated a sole proprietorship and that the "guaranty" contract was signed after the merchandise was delivered to the defendant's husband at a time when he was behind in his payments. *Held:*

Without deciding whether a finding was demanded that the plaintiff knew of the defendant's relationship to the transaction as a surety, such finding was authorized by the evidence that the merchandise was sold to her husband at a time when he operated a sole proprietorship and before the contracts were executed. The fact that the defendant owned a five percent interest in a corporation, the apparent successor to her husband's sole proprietorship, would not change her position as to the debt incurred by him in the operation of his business. The trial court did not err in finding for the defendant and the judgment overruling the plaintiff's motion for new trial based on the usual general grounds and two special grounds which are but an amplification of the usual general grounds was not error for any reason assigned. See *McRitchie v. Atlanta Trust Co.*, 170 Ga. 296 (6, 6a) (152 SE 834); *Hodges v. Gillespie*, 13 Ga. App. 63 (78 SE 832); *Smith v. Hardman*, 99 Ga. 381 (27 SE 731); *Bozeman v. Brock*, 58 Ga. App. 816 (200 SE 182).

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*

Argued September 10, 1965—Decided September 21, 1965—Rehearing denied October 18, 1965.

*Robert A. Elsner, Lipshutz, Macey, Zusmann & Sikes, Richard A. Katz*, for plaintiff in error.

*John E. Feagin*, contra.