28074. TUCKER et al. v. BANK OF ALAPAHA.

UNDERCOFLER, Justice. Gladys Tucker, individually and as next friend for her minor child, filed a complaint in the Superior Court of Berrien County against the Bank of Alapaha seeking to enjoin the exercise of a power of sale contained in a certain deed to secure debt held by the bank, and to have the secured debt canceled. An interlocutory injunction was granted pending the trial.

The evidence introduced at the trial shows that on June 21, 1966, Walter T. Tucker and Gladys Tucker, his wife, executed a note and bill of sale to the Bank of Alapaha in the amount of $4,400; that this was secured by a deed to secure debt executed by them in favor of the bank on property in Waycross, Georgia, in which they each owned an undivided one-half interest; that on June 9, 1967, Walter T. Tucker and Gladys Tucker executed a note and bill of sale to the defendant in the amount of $5,125.50 which contained a notation on its face that it was further secured by the above described security deed; that Walter T. Tucker died in 1968 and his one-half interest in the property secured by the security deed held by the bank was set aside to the complainants as a year's support.

The witness for the bank testified that he did not personally handle the transaction involving the note of June 9, 1967, and could only testify from the bank records; that W. T. Tucker had been operating his meat processing plant for many years and had financed it through the bank; that the complainant Gladys Tucker had operated her own businesses which were financed through the bank; that separate liability ledgers were

maintained on each of them and that only their respective names appeared thereon; that W. T. Tucker also carried a business checking account with the bank; that the loan made on June 21, 1966, for $4,400 for which the security deed and note were given was charged to the account of W. T. Tucker and not to the account of Gladys Tucker; that the note of June 9, 1967, was signed by Gladys Tucker in different colored ink and was witnessed by people other than bank employees; that the proceeds of the notes of June 21, 1966, and June 9, 1967, were paid to W. T. Tucker's checking account in the bank from which he paid the expenses of his meat processing company and that the money was not paid to Gladys Tucker, nor used for or on her behalf.

Gladys Tucker testified that she signed the two notes as surety for her husband; that she did not have anything to do with the negotiations for the loans; that no part of the proceeds went to her, to her businesses, or for her benefit; that her husband brought the second note to their home in Waycross for her signature; and that she did not communicate with the bank in any way about the note. Her testimony was not contradicted or impeached.

In answer to specific questions the jury found that Gladys Tucker signed the note of June 9, 1967, as joint maker; that the bank had no knowledge of facts which would constitute Gladys Tucker a surety on said note; that they contracted with her as joint maker; and that a balance of $3,971.83 plus interest was due on the note of June 9, 1967.

The appeal is from this judgment. *Held:*

1. The appellants contend that the verdict of the jury is contrary to the law and evidence and without evidence to support it because it found that Gladys Tucker signed the June 9, 1967, note as joint maker, because it found that the bank did not have knowledge of facts which would constitute 'her a surety, and because it found that her undivided one-half interest in the real property was subject to the unpaid balance due on the June 9, 1967, note.

The provisions of Code § 53-503 before it was changed by the Act approved March 14, 1969 (Ga. L. 1969, pp. 72, 73) control this case. Under the provisions of this section, there is no estoppel against a married woman to assert that she signed an instrument in a capacity other than as principal maker. *T. J. Dunbar & Co. v. Mize,* 53 Ga. 435 (2); *Rountree v. Rentfroe,* 139 Ga. 290 (77 SE

23); *Reeves v. Jackson,* 158 Ga. 676 (2) (124 SE 135); *Lee v. Johnston,* 162 Ga. 560 (2a) (134 SE 166). As to such transactions, the rule is that it is always open to a married woman to show by parol evidence the true nature of the transaction and that the question of whether she encumbered her property for her own benefit or in the capacity of a surety is for the jury. *Magid v. Beaver,* 185 Ga. 669 (196 SE 422).

The evidence of the bank in this case is the note itself and the testimony of the witness for the bank that the proceeds of the note were deposited to the business account of the husband from which he paid the expenses of his meat processing company; and that the money was spent on his business and not for or on behalf of the wife. The wife testified that she signed the note as surety only, that she had no part in the negotiations for the loan and that none of the proceeds went to her, to her businesses, or for her benefit. This evidence was unimpeached and was not contradicted in any way.

The burden was on the wife to sustain her plea of suretyship by a preponderance of the evidence (*Dye v. Richards,* 210 Ga. 601 (1) (81 SE2d 820); *Harden v. Harden,* 26 Ga. App. 192 (105 SE 869)) and that burden she assumed and carried. "A defense established by the positive and uncontradicted testimony of unimpeached witnesses cannot lawfully be arbitrarily disregarded." *Western &c. R. Co. v. Beason,* 112 Ga. 553 (37 SE 863); *Walker v. Perry,* 54 Ga. App. 537, 541 (188 SE 546). If with the knowledge of the payee, the entire consideration is to go only to the husband, and passes only to him, the husband is the real primary debtor and the wife being in the position of a surety is not liable for any part of the joint note. *Jones v. Weichselbaum,* 115 Ga. 369 (41 SE 615); *Smith v. Hardman,* 99 Ga. 381 (27 SE 731); *McRitchie v. Atlanta Trust Co.,* 170 Ga. 296, 310 (152 SE 834).

The findings of the jury that Gladys Tucker signed the note of June 9, 1967, as joint maker; that the bank had no knowledge of facts which would constitute Gladys Tucker a surety on said note; that they contracted with her as joint maker; and that a balance of $3,971.83 plus interest was due on the note of June 9, 1967, were therefore contrary to the evidence and the judgment rendered thereon must be set aside.

2. The other questions raised by the enumerations of error need not be decided because of the ruling in Division 1 of this opinion.

*Judgment reversed in part. All the Justices concur, except Gunter, Jordan and Ingram, JJ., who dissent.*

ARGUED JULY 10, 1973 — DECIDED SEPTEMBER 20, 1973 —
REHEARING DENIED OCTOBER 5, 1973.

*Leon A. Wilson, II,* for appellants.
*Jack Knight, Fred L. Belcher,* for appellee.

JORDAN, Justice, dissenting. The sole question here is whether or not the appellant Gladys Tucker signed the note dated June 9, 1967, to the Bank of Alapaha as a maker or as a surety. A jury trying this issue found as a matter of fact that Gladys Tucker signed the note as a maker rather than as surety for her husband's debt; that the bank had no knowledge of facts which would constitute the plaintiff as a surety for her husband; that Gladys contracted with the bank as a joint maker rather than as surety; and that the bank was entitled to recover from her the full amount of the note. If there is any evidence in the record, direct or circumstantial, which would authorize the jury to so conclude then we must affirm the verdict and the judgment.

The note itself as shown in the record is signed by Walter T. Tucker and Gladys Tucker, both signing on the face of the note in the right hand bottom portion thereof. Gladys Tucker admitted that she did not communicate to the bank in any manner that she was signing either the note or the deed to secure debt as surety and not as principal.

Where two persons sign a note, apparently as joint makers, and there is nothing in the note to show that one is surety for the other, the presumption is that both are liable as joint principals. This is of course a rebuttable presumption. The rule applies even when one of the signers is a married woman. *Lovelady v. Moss,* 50 Ga. App. 652, 653 (179 SE 168). Where the wife signs the note as an apparent principal, the burden is on her to prove that she signed the note as surety only, and that the payee of the note, with knowledge of facts which would constitute her a surety, contracted with her as a surety. *Lovelady v. Moss,* supra.

In the early case of *White v. Stocker,* 85 Ga. 200 (11 SE 604) cited many times since then, it was stated "While a wife may not become surety for her husband, nor assume his debts, nor sell her separate property to his creditor in extinguishment of his debt, yet she can borrow money and mortgage her separate property to secure its repayment, and may afterwards give the money to her husband..."

While the appellant's testimony to the effect that she signed the two notes as surety only and that no part of the proceeds went to her or to her business or to her benefit was evidence tending to

rebut the presumption raised by the signatures on the note and deed to secure debt, and would have authorized the jury to find in her favor, this does not as the majority opinion contends, demand a finding by a jury that she signed only as surety and not as a principal and comaker.

A review of the record discloses ample evidence to support the conclusion of the jury that Mrs. Tucker, being an experienced business woman in her own right and being the co-owner of the property described in the deed to secure the note, executed the note as a principal and maker rather than simply as a surety for her husband's debt.

I would affirm the judgment of the court below. I am authorized to state that Justices Gunter and Ingram concur in this dissent.